**FILED**

MAY 2 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Maude Dunn and Ellen Dunn<br>1323 Webster Street, N.E.<br>Washington, D.C. 20017<br>202-526-6816<br>                Plaintiff(s) | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action Number<br>)<br>) **COMPLAINT**<br>) JURY TRIAL DEMAND |
| Ms. Jo Anne Barnhart<br>Commissioner<br>Social Security Administration<br>6401 Security Boulevard<br>Suite 152<br>Altmeyer Building<br>Baltimore, MD 20235 | )<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER   1:05CV01062

JUDGE: James Robertson

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 05/26/2005

*JURY ACTION*

Ms. Kay Coles James
Director
Office of Personnel Management
1900 E Street, NW.,
Washington, DC 20415

Governor Mark R. Warner
Executive Office Building, 3rd Floor
1111 East Broad Street
Richmond, Virginia 23219

Mayor Anthony Williams
District of Columbia
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

Mr. Kenneth D. Lewis )
Chairman/CEO )
Bank of America )
100 North Tryon Street )
Charlotte, NC 28255 )
)
)
)
              Defendant(s) )
)
)
)
)
)
)

## COMPLAINT

COMES NOW the plaintiff(s), Maude Dunn and Ellen Dunn, appearing Pro Se, and for a complaint against the defendant(s) above named, state and allege as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. §1331, §1343, §1981.

2. This action is commenced pursuant to Title 42 U.S.C. §12182 and §1983; Title 12 U.S.C. §3403, §3404, §3405, §3417; Title 18 U.S.C. §241; Title 18 U.S.C. §242; and Title 18, U.S. C.§245, §1031.

3. The federal government has statutes and administrative procedures to protect recipients under guardian or representative payee agreements and to protect mandatory direct deposits to financial institutions. The federal government, District of Columbia, State of Virginia, and Bank of America failed to follow these statutory requirements and continue to violate the constitutional rights of Maude Dunn and Ellen Dunn. Congress

Ellen Dunn _ED_ Date 5/25/05  Page 2

and the Supreme Court have established authority under Title II of the Americans with Disabilities Act of 1990 and Supreme Court rulings to provide protection for disabled citizens to have access to courts and due process. Congress enacted Title II due to pervasive unequal treatment in the administration of state services, including systematic deprivations of fundamental rights as documented in Maude and Ellen Dunn's complaint. Maude Dunn and Ellen Dunn file this complaint to hold the Social Security Administration (SSA), Office of Personnel Management (OPM), District of Columbia, State of Virginia, and Bank of America (BofA) accountability for discrimination, obstruction of justice, violation of plaintiffs civil rights, and interference in the first amendment, fourth, fifth and fourteenth amendment rights of a mother and daughter. While Virginia has not waived sovereign immunity, the Supreme Court in *Tennessee v. Lane*, 541 U.S. ____ (2004), established that Congress has the right to abrogate Virginia's sovereign immunity to preserve "the well-established due process principle that, "within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard" in its courts. The Supreme Court concludes that Title II, as it applies of classes involving the fundamental right of access to the court, is a valid application of Congress's authority to enforce the guarantee of the Fourteenth amendment. Maude and Ellen Dunn were systematically denied those rights by the defendants.

### PARTIES

4. The plaintiffs, Maude Dunn and Ellen Dunn are currently citizens of the District of Columbia, United States of America. They are bringing this action under Title 42

Ellen Dunn _ED_ Date 5/25/05    Page    3

U.S.C.§12182 and §1983; Title 12 U.S.C. §3403, §3404, §3405, §3417; Title 18 U.S.C.§241; Title 18 U.S.C.§242; and Title 18, U.S. C.§245, §1031.

5. The defendants include the federal agencies, Social Security Administration (SSA) and Office of Personnel Management (OPM); State of Virginia (VA); Bank of America(BofA), the District of Columbia (DC).

## STATEMENT OF CLAIMS

6. SSA and OPM violated first and fourteenth amendments to the United States Constitution, (freedom of expression, equal protection, and due process). The SSA and OPM placed Maude Dunn and Ellen Dunn placed under guardianship for receipt of federal recurring payments in violation of Title 20 CFR, Part 404, Subpart U -- representative Payment; Title 45CFR, Part 5B, Section 5b.10 -- Parents and guardians, Federal Register/Volume 68, No. 178/Monday, September 15, 2003. without having a certified copy of a signed court order; SSA and OPM failed to use alternative legal administrative procedures for representative payees; SSA and OPM failed to forward to the Justice Department for investigation of Virginia state documents used for the direct deposit of federal recurring payments; and SSA and OPM will not terminate the unlawful guardianship arrangement in issuing federal payments and violations of Maude Dunn Title II Disability rights. OPM and SSA have implemented an unlawful restrictions based on a Certificate/Letter of Qualification signed by a Deputy Clerk (Exhibit A). This document is not a state court order nor is it in the plaintiff's official state court record. Neither copies of these documents, nor certified copies of court orders were provided in

Ellen Dunn _____ Date 5/25/05 Page    4

response to a FOIA request to the Clerk of the Court. Ellen Dunn and Maude Dunn were the victims of discrimination, fraud and civil rights abuse.

7. Federal agencies did not challenge the legal sufficiency after reports from the recipients and refused after the fraud was exposed to stop the unlawful actions. The federal government has implemented a mandatory federal program that directs control of federal recurring payments to financial institutions without providing legal protection and ensuring the legitimacy of procedures against Maude Dunn. SSA and OPM became conspirators to the civil rights violations by the state of Virginia by refusing to stop the abuse.

8. The state of Virginia violated Maude Dunn's fourteenth amendment right under Title II Disabilities Act, which give her the fundamental right of access to the courts and constitutes a valid exercise of Congress' §5 authority to enforce the guarantees of the Fourteenth Amendment. See Supreme Court ruling. The state also violated Ellen Dunn's right with threats and abuse to protect her mother and expose the abuse of her mother's fundamental rights as a disabled citizen. Maude and Ellen Dunn reported the abuse to Virginia public officials but the state of Virginia continues the abuse and denial of court access to date.

9. That abuse and denial of court access included (1) failure to provide Maude Dunn a lawfully appointed Guardian ad Litem, (2) denial of right to hearing, (3) failure to provide a certified copy of a signed Order of Appointment, (4) Collection of state fees

for fraudulent activities, (5) Threats for filing a complaint with the state seeking court access, (5) Abuse by other state agencies, (6) Refusal of public officials to investigate abuses in accordance with state constitution. Maude and Ellen Dunn file a Writ of Mandamus with the Federal Appeals Court. In that writ, Maude and Ellen Dunn reported the obstruction that they had been exposed to in accessing the court pursuant to Virginia Code. A fraudulent dismissal (Exhibit B) was issued in further violation of her right to access the court. The Virginia Appeals court issues ruling one day a week. Records show that there were no rulings issued that day and further no ruling was issued for Maude and Ellen Dunn.

10. Reference should be made to See Supreme Court Ruling, *Tennessee v. Lane* , 541 U.S. _____ (2004), which states "Title II, like Title I, seeks to enforce this prohibition on irrational disability discrimination. But it also seeks to enforce a variety of other basic constitutional guarantees, infringements of which are subject to more searching judicial review. See, *e.g., Dunn* v. *Blumstein*, 405 U.S. 330, 336—337 (1972); *Shapiro* v. *Thompson*, 394 U.S. 618, 634 (1969); *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 (1942). These rights include some, like the right of access to the courts at issue in this case, that are protected by the Due Process Clause of the Fourteenth Amendment. The Due Process Clause and the Confrontation Clause of the Sixth Amendment, as applied to the States via the Fourteenth Amendment, both guarantee to a criminal defendant such as respondent Lane the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta* v. *California,* 422 U.S. 806, 819, n. 15 (1975). The Due Process Clause also requires the States to afford

certain civil litigants a "meaningful opportunity to be heard" by removing obstacles to their full participation in judicial proceedings. *Boddie* v. *Connecticut*, 401 U.S. 371, 379 (1971); *M. L. B.* v. *S. L. J.*, 519 U.S. 102 (1996)."

11. The District of Columbia(DC) violated Maude Dunn and Ellen Dunn's fourth and fourteenth amendment rights to the U.S. Constitution, 42 U.S. C.§1983. They conducted an unreasonable search and investigation of their home with no legal basis. DC violated Maude Dunn and Ellen Dunn's civil rights by accepting a complaint from the state of Virginia without legal authority, refusing to process a complaint reported under the Title II Disabilities Act, conducting an illegally investigation, entering the premises without cause basis, and refusing to properly address the violation. Since Maude Dunn has been an uninterrupted DC tax payer, they had no basis to initiate the investigation from VA without legal authority.

12. Maude Dunn is 85 years old and has been subjected to fraud and abuse since 1997. The federal government could have and should have blocked this fraud by enforcing federal statutes on representative payees. Instead they have been a facilitator in this fraud and abuse. Her family is unable to plan or negotiate her legal affairs as the federal government is supporting fraudulent court orders over lawful durable powers of attorney executed between Maude and Ellen Dunn (Exhibits C and D). This inconsistent standard of legal review among federal agencies and negligence place millions of federal retirees at risk for abuse. The concern over the abuse of people under representative

Ellen Dunn _ED_ Date _5/25/05_ Page    7

payee agreement is addressed in a GAO study reported dated July 22, 2004 and presented to the Honorable Larry E. Craig, Chairman, Special Committee on Aging.

13. OPM violated Maude Dunn and Ellen Dunn's first amendment, fifth amendment, and fourteenth amendment rights. OPM in a letter dated February 11, 2005 from the Retirement Operations Center states that "You provided our office with a copy of the court order appointing you as Ms. Dunn legal guardian and we began payments to you on her behalf." That statement is false. Maude Dunn and Ellen Dunn were given a Certificate/Letter of Qualification (C/LQ), which are not court orders. OPM knew in 1997 that C/LQ were not court orders. They are not consistent with the requirements set forth in the Virginia code for a guardianship court order. OPM continues to promote fraudulent documents and facilitated through its gross negligence the horrific abuse of Maude Dunn and Ellen Dunn by refusing to comply with federal statute.

14. SSA violated Maude Dunn and Ellen Dunn's first amendment, fifth amendment, and fourteenth amendment rights. SSA in a letter dated February 22, 2005, refused to discuss or acknowledge the reported fraud based on federal regulations. SSA did not identify the federal statutes under which they are restricting information on fraud. They also did not comply with my FOIA inquiry in accordance with federal statutes to identify the legal basis for review.

15. BofA violated Maude Dunn and Ellen Dunn's first amendment, fifth amendment,

and fourteenth amendment rights. Bank of America violated Title 18 Part I Chapter 47 §1005; Title 12 Chapter 35 §3402, 3403, and 3407; Title 18 Part I Chapter 47 §1028; and Title 15 Chapter 41 §1693. BofA established restrictive guardianship accounts without having Virginia state court orders and violated Maude Dunn's right to privacy in providing information to unauthorized parties, and violated Maude Dunn's Title II Disability rights; BofA failed to investigate fraud in their fiduciary capacity after receiving notice and evidence from Ellen Dunn; BofA violated the confidentiality of financial records for Maude Dunn and Ellen Dunn in releasing check information; Bank of America conspired with others to violate Maude Dunn and Ellen Dunn's constitutional and civil rights; BofA would not close the unlawful restrictive guardian account and re-establish the lawful joint account to protect Maude Dunn and Ellen Dunn's interest; and BofA made no effort to stop or report the abuse by the Virginia attorneys; participated in an illegal procedure to provide copies of checks to others. BofA continues to show depraved indifference to the rights of Maude Dunn under Title II Disabilities Act, a long time account holder, by continuing to deposit checks in an unlawfully restrictive account. Under Direct Deposit-Electronic Funds Transfer recurring payments statutes, BofA failed to uphold their fiduciary responsibility in managing the legal sufficiency of these accounts. BofA provided confidential financial information on Maude Dunn and Ellen Dunn's bank account under Subpoena Duces Tecum (Exhibit E), in violation of USC Title 12 Chapter 35 §3403.

## BACKGROUND

16. SSA and OPM participated in and were members of a federal team under the direction of the Federal Reserve and the Treasury Department in implementing the Direct Deposit-Electronic Funds Transfer Program during the 1970s. SSA and OPM knew that the primary motive supporting public service announcement on use of the program was the elimination of fraud and theft and providing security to senior citizens who received these federal recurring payments. Bank of America, the largest state bank in California, at that time was involved with the government in promoting electronic banking and the Direct Deposit Program based on increased service and compliance with federal statutes. These organizations have violated those mandates.

17. Maude Dunn and Ellen Dunn executed durable powers of attorney in accordance with their first amendment rights to freedom of expression. A group of attorneys and state employees misrepresented and deceived Maude Dunn and Ellen Dunn into needing a guardianship to collect unlawful fee. In the process of being denied lawful access to the court, Maude Dunn was subjected to medical review and treatment that violated the Virginia Code, suffered medical mistreatment and harm, Maude and Ellen Dunn were subjected to unlawful fees, and threats for reporting the abuse to Virginia public officials.

18. Maude and Ellen Dunn reported the violations to Virginia public officials under Title II disability and civil rights violations. The state of Virginia while recognizing that there might not be a guardianship, they failed to investigate the fact that fees had been unlawfully collected. After notifying Virginia public officials and receiving threats (Exhibits F and G), Ellen Dunn was fearful of retaliation against her mother and herself.

She was in the process of arranging medical care for vision problems that her mother was experiencing. However, once Ellen Dunn determined that none of the defendants would stop their role in the fraud and civil rights violation, she and her mother decided to seek verification of the certified copies of court order from the court under FOIA. Those official court records should have included: (1) a certified copy of the hearing record; (2) a certified copy of the order appointing the guardian ad Litem with the judge of record's signature; (3) a certified copy of the order of guardianship appointment signed by the judge of record; and (4) a certified copy of the Certificate/Letter of Qualifications; etc. However, none of the documents received from the clerk's office under FOIA were certified as copies of official documents in Maude Dunn's official court records. One uncertified signed order had initials/signature that did not represent the judge of record. None of the records received from the court included the documents that the defendants are using to continue to restrict access to Maude Dunn and Ellen Dunn's financial accounts.

19. Maude Dunn is an individual that currently suffers from an impairment disability under the organic brain syndrome as prescribed in 28 CFR 36.103. Maude Dunn takes Depakote, Exelon, and Namenda to help control her mental impairment. Ms. Dunn takes Depakote to control agitation that resulted from her improper exposure to the drugs, Aricept and Risperdal, which occurred based on the fraudulent guardianship requirements from 1997 to 2004. SSA, OPM, and BofA knew that the documentations were not legally sufficient and continued to support the unlawful use of these documents. Maude Dunn medical treatment and evaluation was not conducted properly in accordance with the

Virginia Code due to the unlawful and fraudulent guardianship process. Maude Dunn's improper medical treatment caused her probable permanent medical harm as reflected in her initial hospitalization (Exhibits H) and subsequent improper use of Risperdal.

20. SSA, OPM and BofA could have prevented and mitigated the abuse in 1997 had they acted responsibly in accordance with Federal statutes when they received the Certificate/Letter of Qualification. In 2000 Ellen Dunn took her mother to a neurological specialist for treatment review and appropriate treatment for her medical condition. Maude Dunn suffers from dementia with lewy bodies, which was properly diagnosed by neurological specialist in memory disorders (Exhibit I). Because of improper treatment and her reliance on Depakote, she is excluded from most studies and has limited opportunities for help. This mistreatment was potentially avoidable had she been given proper treatment initially under lawfully state guidelines or been advised by SSA, OPM, or BofA that there was a problem with the documents presented.

21. Because the Federal government failed to investigate these documents, Maude Dunn and Ellen Dunn: had their rights to privacy violated, were severely abused, were unlawfully charged fees and continue to have restricted access to Maude Dunn's federal recurring payments. The fraud started in or about June 1997 and continues to include social security and civil service payments issued effective May 2005. SSA, OPM, and BofA were intentionally abusive in not validating the legality of documents. The documents did not meet SSA, OPM, or BofA federal statutes. In addition, the documents should have met Virginia Code §37.1-134.14, Court order of appointment;

limited guardianships and conservatorships. Once notified by Ellen Dunn of the suspected fraud, SSA, OPM, and BofA failed to investigate or terminate the fiduciary arrangement and engaged in actions that make them co-conspirators to the abuse against Maude and Ellen Dunn in over 100 different payments to date.

22. BofA was involved in the Direct Deposit-Electronic Funds Transfer (DD-EFT) Program from its inception. Treasury representatives worked with BofA officials in their California branch operations, Federal Reserve Bank officials and Senior Citizen facilities to develop and promote the program in protecting senior citizens from fraud based check operations. BofA knew that the goal of DD-EFT was to provide senor citizens a more secure and fraud free payment system. BofA worked with Treasury and other government officials since approximately 1975 to implement the program and improve service to senior citizens.

23. Maude Dunn's sole sources of income are Federal recurring payments; Social Security and Civil Service Retirement and Survivor Annuity. The SSA and OPM authorized direct deposit of federal recurring payment based on non-existent lawful state court orders and BofA continues to deposit payment federal recurring payments into restricted accounts based on non-existent court orders. Maude Dunn and Ellen Dunn filed complaints with the United States Justice Department based on sovereign immunity claimed by the state of Virginia and the impact of denying court access to disabled citizens. The Justice Department has declined to take any action (Exhibit J). However, congressional studies on the abuse of the disabled supported the passage of

Ellen Dunn _ED_ Date _5/25/2005_ Page   13

Title II to American with Disabilities Act of 1990 and the Supreme Court recent rulings indicate that they believe that disabled citizen deserve protection under due process. Since Maude and Ellen Dunn's abuse and discrimination has been ongoing for nine years, it is an issue of public concern. Maude Dunn has made her daughter aware that most people do not have advocates to fight tirelessly for their right and that this issue should be brought to the attention of the federal courts.

24. The SSA, OPM, and BofA were parties to fraudulent and abusive practices. After Ellen Dunn discovered and reported the fraud, they failed to conduct an investigation. Specifically, SSA failed to take corrective action, which included terminating the fraudulent guardianship designation, issuing an appropriate administrative representative payee designation, and referring the case to the Treasury Department and Justice Department as appropriate. OPM also failed to terminate the fraudulent guardianship designation, and refer to the case to the Treasury Department and Justice Department as appropriate. BofA failed to verify and terminate the fraudulent court order, restore the original accounts, or investigate the confidentiality financial records violations. DC failed to remove the fraudulent record for Maude Dunn and Ellen Dunn.

25. In addition, the Virginia Attorney General's office acknowledged in a letter dated May 20, 2003 that " From your letter, I gather that you are upset that the Clerk of Court, or his Assistant, has certified a document that does not contain the signature of the Judge handling the matter . You are justly concerned. This means, based upon my experience and training, that the clerk is only certifying that this document was filed among the records of the Court, apparently by Mr. Joseph W. Hood, Jr. Esq. seeking the

Ellen Dunn _____ Date 5/25/05 Page  14

appointment of the client Sonya Lee Ann Powell, as Guardian. It is of no legal effect until the execution by signature and dating of a judge" (Exhibit K). The Virginia Attorney General's office further states " Perhaps , with a telephone call you might mow obtain from Frederick C. Jenke III, Clerk of the Court, Virginia Beach, 757-427-4191, the "final order" of the Court (the Judge) entered in this matter. That would be of legal significance. Or perhaps no Order was entered? Then, there is no Guardian."

26. Formal notice was given to SSA, OPM, and BofA because they had made decisions in violation of Maude and Ellen Dunn's first, fifth, and fourteenth amendment rights and equal protection rights without statutory basis. We were unable to get the state officials to take any action concerning the petition on these federal recurring payments because Virginia has sovereign immunity. However, the Supreme Court has ruled in *Tennessee v. Lane* , 541 U.S. \_\_\_\_\_(2004) that all disabled persons under Title II have their rights protected concerning access to the courts. The Federal Government failed to take the appropriate actions and along with BofA refused to stop the fraud and abuse of Maude Dunn and Ellen Dunn. They violated their fiduciary and civil rights responsibility to equal protection.

27. As a result of the continuing fraud and abuse Maude Dunn was subjected to improper and harmful medical treatment, which will adversely impact on her future care. Ellen Dunn was threatened and court officials sought to interfere with the medical care of her mother and place her mother in a dangerous environment. The Federal government and BofA could have intervened and stopped the violations and prevented the abuse of Maude Dunn and Ellen Dunn. Instead they have actively supported the violations to Title

Ellen Dunn _ED_ Date 5/25/05   Page   15

II Disabilities act on access to the court and legality of court documents, which resulted in the civil rights violations.

28. Defendants' above-described conduct was extreme, unreasonable and outrageous. By engaging in such conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that plaintiffs would suffer extreme medical and emotional distress as a result of defendants' conduct. As a proximate result of said conduct, plaintiffs suffered severe emotional distress, pain and suffering, fear, anxiety, embarrassment, discomfort and humiliation, all to their general damage in an amount to be proven, and incurred special damages in an amount to be proven.

## **PRAYER FOR RELIEF**

Wherefore, Maude Dunn and Ellen Dunn respectfully requests that this Court:

A.  Grant a permanent injunction for Maude Dunn and Ellen Dunn to have the SSA to terminate the guardianship designation for her social security (SSA) payments and reissue the payments under the representative payee agreement as specified in Title 20 CFR 404, Subpart U based on information contained in complaint.

B.  Grant Maude Dunn and Ellen Dunn's right to have SSA's legal standards of review for state court orders, because they are part of public record. We challenge their right to refuse the information under FOIA.

C.  Grant a permanent injunction for Maude Dunn and Ellen Dunn to have OPM terminate the guardianship designation for her retirement and survivor benefit retirement

Ellen Dunn _____ Date 5/25/2005 Page    16

payments and reissue the payments under the representative payee agreement as specified in Federal Register/ Vol. 68, no. 178/Monday, September 15, 2003/ Notices.

D. Grant Maude Dunn and Ellen Dunn's rights to have OPM's legal standards of review for state court orders, because they are part of public record. We challenge their right to refuse us this information requested under FOIA.

E. Grant Maude Dunn and Ellen Dunn a permanent injunction to have BofA terminate the guardianship accounts for checking and savings accounts and reestablish the joint ownership accounts originally established by Maude Dunn and Ellen Dunn.

F. Maude Dunn and Ellen Dunn seek BofA's legal standards of review for state court orders. BofA is a federal contractor and is subject to Civil Rights Laws. Under Regulation E-Direct Deposit Electronic Funds Transfer, it is an issue of interest to the public.

G. Expunge the unlawful investigation conducted of Maude and Ellen Dunn in the District of Columbia.

H. An award of compensatory and general damages against defendants and each of them, in an amount to be determined according to proof;

I. An award of exemplary and punitive damages against all defendants sued in their individual capacities in an amount to be proven at trial;

J. An award of plaintiffs' costs, expenses, attorney fees, etc.

K. Removal of mandatory use of direct deposit because of the fraud and corruption of government.

L. Trial By Jury; and such other and further relief as the Court

Ellen Dunn _ED_ Date 5/25/05 Page    17

may deem just and proper.

Respectfully submitted,

plaintiffs

Exhibits

DATED: *May 25, 2005*

_____
Ellen Dunn


_____
Maude Dunn