IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Maude Dunn and Ellen Dunn )
1323 Webster Street, N.E. )
Washington, D.C. 20017 )
 )
      Plaintiff(s) )
 ) Civil Action Number  05 1062 JR
 )
 )
Ms. Jo Anne Barnhart ) MOTION
Commissioner )
Social Security Administration )
6401 Security Boulevard )
Suite 152 )
Altmeyer Building )
Baltimore, MD 20235 )
 )
 )
 )
Ms. Kay Coles James )
Director )
Office of Personnel Management )
1900 E Street, NW., )
Washington, DC 20415 )
 )
 )
 )
Governor Mark R. Warner )
Executive Office Building, 3rd Floor )
1111 East Broad Street )
Richmond, Virginia 23219 )
 )
 )
 )
Mayor Anthony Williams )
District of Columbia )
John A. Wilson Building )
1350 Pennsylvania Avenue, NW )
Washington, DC 20004 )
 )
 )

```
Mr. Kenneth D. Lewis          )
Chairman/CEO                  )
Bank of America               )
100 North Tryon Street        )
Charlotte, NC 28255           )
                              )
                              )
            Defendant(s)      )
                              )
                              )
                              )
                              )
                              )
                              )
```

### MOTION TO APPOINT GUARDIAN AD LITEM/MASTER

COMES NOW the plaintiff(s), Maude Dunn and Ellen Dunn, appearing Pro Se, and having filed a complaint request the court appoint a Guardian ad Litem for Maude Dunn, currently an incompetent person, to protect her interests and appoint a special master to oversee and represent plaintiff(s) in this complex case.

Pursuant to Federal Rules of Civil Procedure, Rule 17© Infants or Incompetent Persons, Ellen Dunn duly appointed as durable power of attorney request the court appoint a Guardian ad Litem, if Maude Dunn's daughter, full time care-giver, and power of attorney is unacceptable to the court. As discussed in the complaint, the defendants have failed to provide a properly certified copy of a signed Guardianship Appointment Order and the defendant's conduct in this matter violate Title II to the Americans with Disabilities Act in providing access to the court.

Exhibit A and B provide statement from Memory Disorder Neurologist Paul Aison, of the neurological assessment of Maude Dunn's condition and the qualifications of her daughter, Ellen Dunn, as a caregiver. These exhibits confirm the current status of Maude Dunn's neurological condition. Exhibit C is a medical assessment that was

Ellen Dunn _ED_ Date _5/25/05_ Page    2

conducted in 1996 and attorney assessment (Exhibit D) in 1997 that is the basis for the Title II Disability Act violations described in the complaint.

The Supreme Court in *Tennessee v. Lane*, 541 U.S. _____(2004), established that Congress has the right to abrogate Virginia's sovereign immunity to preserve "the well-established due process principle that, "within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard" in its courts. The Supreme Court concludes that the Title II Disabilities Act, as it applies to the class of cases involving the fundamental right of access to the court, is a valid application of Congress's authority to enforce the guarantee of the Fourteenth amendment. Ellen Dunn's primary concern is that her mother's interest be protected by the court and that her mother's issues are heard in the court.

Pursuant to Federal Rules of Civil Procedure Rule 53, Maude Dunn and Ellen Dunn also request the appointment of a Master. Since this case involves two federal agencies, and the District of Columbia, Virginia, and Bank of America (one of nations largest financial institutions); and the most basic right under the fourteenth amendment, "Right to due process" and its application to individuals under Title II to the Americans with Disabilities Act, it is important to appoint a Master. The Master under the appointing order has the authority to regulate proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties.

This case involves both violations by the federal and state government on the same basic issue, the right of the Americans with disabilities to have access to the court. Since Congress initiated Title II of the American with Disabilities Act of 1990 after a Task Force on the Rights and Empowerment of American with Disabilities, From ADA

Ellen Dunn _____ Date 5/23/05 Page    3

to Empowerment 16(Oct. 12 1990), determined that "individuals with disabilities are a discrete and insular minority who have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment, and relegated to a position of political powerlessness in our society, based on characteristics that are beyond the control of such individuals and resulting from stereotypic assumptions not truly indicative of the individual ability of such individuals to participate in and contribute to society" (42U.S.C §121001(a)(7). and the Supreme Court in *Tennessee v. Lane*, 541 U.S. _____ (2004), established that Congress has the right to abrogate Virginia's sovereign immunity to preserve "the well-established due process principle that, "within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard" that this case warrants the appointment of a Master.

Ellen Dunn's one and only concern is that the Federal court will protect her mother and her mother's interest during this procedure and she prays that they court will honor their motion. Maude Dunn is 85 years old and she seeks to restore her constitutional rights and privileges before her next birthday.

Respectfully submitted,

plaintiffs

DATED: *May 25, 2005*
*Exhibits*

_____
Ellen Dunn

_____
Maude Dunn

Ellen Dunn _ED_  Date _5/25/05_  Page   4

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

IN THE MATTER GUARDIANSHIP :
OF MAUDE DUNN :
                                             IN CHANCERY NO._____

## MEDICAL ASSESSMENT OF MAUDE DUNN

1. This report has been prepared at the request of the family of my patient Maude Dunn and is being submitted to the Circuit Court of the City of Virginia Beach.

2. Maude Dunn has been my patient since 2/23/00.

3. At that time, Ms. Dunn had significant dementia. Her daughter recognized her mother needed medical assistance.

4. Over a period of almost three years, I see Ms. Dunn every three months. In addition, her daughter contacts my office if she has any concerns.

5. Mrs. Dunn's symptoms are treated with the following medications: Trazadone, Exelon, Depakote.

6. My medical opinion of her current condition is Dementia with Lewy Bodies.

7. My assessment of the family situation with her daughter is very positive. The quality of care is excellent; the patient thrives in this home environment.

8. If you have any questions about Mrs. Dunn's medical condition, you may contact me at (202) 784-6671.

*[signature]*    6/26/02

Paul S. Aisen, MD
Professor of Neurology

Exhibit *a*

Page 1 of 1



GEORGETOWN UNIVERSITY MEDICAL CENTER

Memory Disorders Program
Department of Neurology

February 19, 2002

To Whom It May Concern:

Please be advised that Maude Dunn, who resides at 1323 Webster Street, NE, Washington, DC, is under treatment for a cognitive disorder. In addition, Mrs. Dunn has physical limitations that make it dangerous for her to negotiate stairs. It would be beneficial if she were able to live in a single-level dwelling.

Thank you for your attention to this matter.

Sincerely,

Paul S. Aisen, MD

Paul S. Aisen, MD     Kathleen Redington, MD, PhD     Pamela A. Saunders, PhD     Carolyn Ward, MSPH

3800 Reservoir Road NW   One Bles   Washington DC 20007
(202) 784-6671   (202) 784-4332 facsimile

Exhibit B

**ERNAL MEDICINE**
*dewater Health Care Affiliate*

Suite 10
Providence South Office Building
Virginia Beach, Virginia 23464
804.467.0007



October 29, 1996

Joseph W. Hood
2809 S. Lynnhaven Road
Virginia Beach, VA

RE:   Maude Dunn

Dear Mr. Hood:

I am writing to you at the request of Ellen Dunn, the current caregiver of my patient, Maude M. Dunn. I examined this patient for the first time on 08/12/96 and felt that she had an organic brain syndrome of the Alzheimer's type. The patient had progressive loss of short term memory and there was no evidence on diagnostic workup for reversible etiologies for her dementia. She was unable to recall any of three items over a period of nine minutes. The only President that she could recall was Ronald Reagan and she was unaware of who the President was at this time (Clinton) or more recent Presidents (e.g., George Bush). Serial 7 subtraction was poor in a patient who otherwise had been quite intellectually competent and bright. It is my opinion that Ms. Maude Dunn will progress on in a downward spiral of dementia and will need increasing care and supervision. It is my opinion that although she has intermittent periods of lucidity, that overall, given the expected progression of this disease, it is in her best interest to be declared incompetent and that her daughter, Ellen Dunn, is a very appropriate person to be made guardian.

If you should have any further questions please do not hesitate to contact me.

Sincerely,

Donald C. Edelheit, M.D., F.A.C.P.

DCE/jls

Exhibit _C_

*Tidewater Health Care, Inc.*   Virginia Beach General Hospital   Portsmouth General Hospital   Physician Se
The Doctor Connection   AtHome Care/Private Duty Services   AtHome Care Host
The Urgency Care Center   Diagnostic Breast Center   Tidewater Medical Group
Contract Lab Services   Tidewater Perinatal Center   Tidewater Physical Therapy and Rehabilitation Center
Portsmouth General Therapy Center   Virginia Beach General Cardiac Fitness Center   HealthQuest

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

In the Matter of the
Appointment of Guardian
for Maude O. Dunn

Chancery No. CH96-4092

### REPORT OF GUARDIAN AD LITEM

Since my appointment of Guardian ad Litem for Maude O. Dunn, I have conducted an investigation which is summarized below:

Maude O. Dunn resides with her daughter, who is petitioning this court to be appointed her guardian, at 1315 Glyndon Drive, Virginia Beach, Virginia 23464.

On January 2, 1997, I interviewed Dr. Donald Edelheit, who is a physician with Kempsville Internal Medicine. He had seen Mrs. Dunn several times and he indicated to me that, in his professional opinion, Mrs. Dunn is suffering from Alzheimer's Disease. He stated that her condition is in the early stages; therefore, there are large quantities of time in which she is lucid and quite cognizant of the environment around her. However, he indicated that this is a degenerative disease, and there is every indication that she will be in need of increasing care and supervision. In addition, he told me that he has known Ellen Dunn for years and is confident that she is a responsible and loving daughter.

On Saturday, January 25, 1997, I visited Maude Dunn at her daughter's house in Virginia Beach. I first spoke with Ellen Dunn, the petitioner in this hearing. It is my opinion that she would make an excellent guardian for her mother. She seemed genuinely concerned with her mother's well-being. Ellen Dunn told me that her mother and father used to live together in Washington, D.C. However, Mrs. Dunn started suffering from short-term memory loss to the point where she would get frustrated and depressed over her inability to remember small items such as family recipes. In addition, Mrs. Dunn's husband, Thomas Dunn, suffers from progressive emphysema, which made him more dependant on his wife. According to Ellen, Mrs. Dunn was unable to care for her husband and herself. Ellen also became aware that Mrs. Dunn had several outstanding bills that she neglected to pay. The children discussed the matter, and it was decided that Mrs. Dunn would go live with her daughter Ellen, and Mr. Dunn would be looked after by the son, the petitioner's brother.

It appears to me that Ellen is sincerely trying to give her mother as much autonomy

Exhibit Q

Page 1 of 3

and dignity possible under the circumstances. Ellen has a full-time job, and Mrs. Dunn is at the home by herself during the day. Ellen says she calls several times a day and comes home for lunch several times a week. Ellen Dunn discourages her mother from using the stove by leaving prepared food out that can be heated easily in the microwave. She is fully aware that there will come a day in which her mother can not be left alone in the house; she conveyed to me that she has researched day care facilities where her mother can be taken care of until she comes home from work.

As far as the finances are concerned, Ellen Dunn has been on both her mother and father's savings and checking accounts for years. She takes care of the finances for her mother and each time Mrs. Dunn receives a retirement check, Ellen gives her spending money out of that. She comes across as a conservative spender and very conscientious and responsible regarding her parent's finances.

I next spoke to Maude Dunn concerning the upcoming hearing. I asked her if she knew what my role was in this hearing. Mrs. Dunn told me that her daughter explained to her that I was appointed to protect her interests regarding the guardianship. She said she trusted her daughter implicitly. She said her daughter takes very good care of her, often taking her out for drives and shopping. Ellen also takes her to Washington, D.C. frequently to visit Mrs. Dunn's husband. She is aware of her medical condition, stating that "the doctors think there is something wrong with my mind, and Ellen needs to take care of me."

When I spoke to Mrs. Dunn, she was lucid and aware of the proceedings. She did not appear, on that day, to be suffering from memory loss. She indicated that she wanted to go back to Washington, D.C. and live with her husband in their home. She said that she could take care of both of them and the day to day responsibilities.

I next talked to her husband, Mr. Thomas Dunn on February 7, 1997. Mr. Dunn stated that Ellen is the only person that he would trust to take care of his wife, and that she has taken care of their finances for some time. He stated that he has emphysema and can not get around much at all. He indicated that he wants Ellen to live in Washington with him, as they have been married for close to 50 years. However, he did state that "I can't manage my wife and my wife can't manage me." He seemed resigned to the fact that Mrs. Dunn is to live in Virginia Beach with his daughter.

The last person I spoke to was Dr. Edelheit, for the second time, on February 7, 1997. I explained to him the various people I spoke to regarding Mrs. Dunn. I also spoke to him regarding her wishes to live in Washington, D.C. with her husband. He was firm in the fact that Mrs. Dunn is not competent to live on her own. He stated that she cannot live in an unsupervised, unsupported environment as she has a tendency to get lost, confused, and depressed. He also reiterated that her condition will only deteriorate. He stated that living with Ellen has worked well and is an ideal situation. Based on the foregoing, it appears that Mrs. Maude Dunn is in the best environment possible. I am aware and sympathetic to the fact that Mrs. Dunn has difficulties in

THE LAW OFFICE OF
ARLES R. HOFHEIMER, P.C.
RNEYS AND COUNSELLORS AT LAW
OCEAN PLAZA CORPORATE CENTRE
385 34TH STREET
ROINIA BEACH, VIRGINIA 23451-2630
(757) 425-5200

Exhibit Q

being considered incapable of caring for herself. This is understandable for any person accustomed to raising three children and taking care of a husband and household for fifty years. Even though she has expressed a desire to live alone with her husband, it is clear from talking to the people closest to her and her treating physician that she is unable to handle the necessary daily routines and finances. It is obvious that her daughter, Ellen Dunn, is a responsible person to handle Mrs. Dunn's estate; however, just as importantly, she also has respect and compassion for her mother and would be ideal in taking care of her mother emotionally. Accordingly, it is my recommendation that Mrs. Maude Dunn should be appointed a guardian and that her daughter, Ellen Dunn, would be a fit and proper person to be appointed guardian of her person and property.

Respectfully Submitted,

Sonya L. Powell
Guardian ad Litem for Maude O. Dunn

cc: Mrs. Maude O. Dunn
Mr. Joseph Hood, Esquire

THE LAW OFFICE OF
\RLES R. HOFHEIMER, P.C.
RNEYS AND COUNSELLORS AT LAW
ICEAN PLAZA CORPORATE CENTRE
303 34TH STREET
TOMIA BEACH, VIRGINIA 23451-2838
(757) 425-5200

Exhibit A

Page 3 of 3

## CERTIFICATE OF SERVICE

This service certifies that the attached complaint, motions, ~~enclosures~~ for Maude and Ellen Dunn were delivered as indicated to the following addresses on May ~~25~~ 27, 2005 as shown.

| | |
|---|---|
| Ms. Jo Anne Barnhart<br>Commissioner<br>Social Security Administration<br>6401 Security Boulevard<br>Suite 152<br>Altmeyer Building<br>Baltimore, MD 20235 | Priority mail, signature required |
| Ms. Kay Coles James<br>Director<br>Office of Personnel Management<br>1900 E Street, NW.,<br>Washington, DC 20415 | Priority mail, signature required |
| Governor Mark R. Warner<br>Executive Office Building, 3rd Floor<br>1111 East Broad Street<br>Richmond, Virginia 23219 | Priority mail, signature required |
| Mayor Anthony Williams<br>District of Columbia<br>John A. Wilson Building<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004 | Priority mail, signature required |
| Mr. Kenneth D. Lewis<br>Chairman/CEO<br>Bank of America<br>100 North Tryon Street<br>Charlotte, NC 28255 | Priority mail, signature required |

Date: _May 27, 2005_     Signature: _[signature]_