*Exhibit a*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Maude Dunn and Ellen Dunn )
1323 Webster Street, N.E. )
Washington, D.C. 20017 )
202-526-6816 )
 )
          **Plaintiff(s)** )
 )
 )  Civil Action Number
 )  05 1062 JR
 )  **AMENDED COMPLAINT**
Ms. Jo Anne Barnhart )  JURY TRIAL DEMAND
Commissioner )
Social Security Administration )
6401 Security Boulevard )
Suite 152 )
Altmeyer Building )
Baltimore, MD 20235 )
 )
Ms. Kay Coles James )
Director )
Office of Personnel Management )
1900 E Street, NW., )
Washington, DC 20415 )
 )
Governor Mark R. Warner )
Executive Office Building, 3rd Floor )
1111 East Broad Street )
Richmond, Virginia 23219 )
 )
Mayor Anthony Williams )
District of Columbia )
John A. Wilson Building )
1350 Pennsylvania Avenue, NW )
Washington, DC 20004 )
 )
Mr. Kenneth D. Lewis )
Chairman/CEO )
Bank of America )
100 North Tryon Street )
Charlotte, NC 28255 )

U.S. Attorney General                              )
950 Pennsylvania Avenue, N.W.                      )
Washington, DC  20530                              )
                                                   )
U.S. Attorney                                      )
U.S. Attorney for the District of Columbia         )
555 4th Street, N.W.                               )
Washington, DC 20001                               )

                                                   )
                                                   )
                    Defendant(s)                   )
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )

## COMPLAINT

COMES NOW the plaintiff(s), Maude Dunn and Ellen Dunn, appearing Pro Se, and for a

complaint against the defendant(s) above named, state and allege as follows:


## JURISDICTION


1.  This Court has subject matter jurisdiction under 28 U.S.C. §1331, §1343, §1981.

2.  This action is commenced pursuant to  Title 42 U.S.C.§12182 and §1983; Title 12

U.S.C. §3403, §3404, §3405, §3417; Title 18 U.S.C.§241;  Title 18 U.S.C.§242; and

Title 18, U.S. C.§245, §1031.


3.  The federal government has statutes and administrative procedures to protect

recipients under guardian or representative payee agreements and to protect mandatory

direct deposits to financial institutions. The federal government, District of Columbia,

Ellen Dunn _ED_ Date 8/30/05 Page    2

State of Virginia, and Bank of America failed to follow these statutory requirements and continue to violate the constitutional rights of Maude Dunn and Ellen Dunn. Congress and the Supreme Court have established authority under Title II of the Americans with Disabilities Act of 1990 and Supreme Court rulings to provide protection for disabled citizens to have access to courts and due process. Congress enacted Title II due to pervasive unequal treatment in the administration of state services, including systematic deprivations of fundamental rights as documented in Maude and Ellen Dunn's complaint. Maude Dunn and Ellen Dunn file this complaint to hold the Social Security Administration (SSA), Office of Personnel Management (OPM), District of Columbia, State of Virginia, and Bank of America (BofA) accountability for discrimination, obstruction of justice, violation of plaintiffs civil rights, and interference in the first amendment, fourth, fifth and fourteenth amendment rights of a mother and daughter. While Virginia has not waived sovereign immunity, the Supreme Court in *Tennessee v. Lane* , 541 U.S. _____(2004), established that Congress has the right to abrogate Virginia's sovereign immunity to preserve "the well-established due process principle that, "within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard" in its courts. The Supreme Court concludes that Title II, as it applies of classes involving the fundamental right of access to the court, is a valid application of Congress's authority to enforce the guarantee of the Fourteenth amendment. Maude and Ellen Dunn were systematically denied those rights by the defendants.

## PARTIES

Ellen Dunn _____ Date _____ Page    3

4. The plaintiffs, Maude Dunn and Ellen Dunn are currently citizens of the District of Columbia, United States of America. They are bringing this action under Title 42 U.S.C.§12182 and §1983; Title 12 U.S.C. §3403, §3404, §3405, §3417; Title 18 U.S.C.§241; Title 18 U.S.C.§242; and Title 18, U.S. C.§245, §1031.

5. The defendants include the federal agencies, Social Security Administration (SSA) and Office of Personnel Management (OPM); State of Virginia (VA); Bank of America(BofA), the District of Columbia (DC).

## STATEMENT OF CLAIMS

6. SSA and OPM violated first and fourteenth amendments to the United States Constitution, (freedom of expression, equal protection, and due process). The SSA and OPM placed Maude Dunn and Ellen Dunn placed under guardianship for receipt of federal recurring payments in violation of Title 20 CFR, Part 404, Subpart U -- representative Payment; Title 45CFR, Part 5B, Section 5b.10 -- Parents and guardians, Federal Register/Volume 68, No. 178/Monday, September 15, 2003. without having a certified copy of a signed court order; SSA and OPM failed to use alternative legal administrative procedures for representative payees; SSA and OPM failed to forward to the Justice Department for investigation of Virginia state documents used for the direct deposit of federal recurring payments; and SSA and OPM will not terminate the unlawful guardianship arrangement in issuing federal payments and violations of Maude Dunn Title II Disability rights. OPM and SSA have implemented an unlawful restrictions based on a Certificate/Letter of Qualification signed by a Deputy Clerk (Exhibit A). This

Ellen Dunn _____ Date_____ Page    4

document is not a state court order nor is it in the plaintiff's official state court record. Neither copies of these documents, nor certified copies of court orders were provided in response to a FOIA request to the Clerk of the Court. Ellen Dunn and Maude Dunn were the victims of discrimination, fraud and civil rights abuse.

7. Federal agencies did not challenge the legal sufficiency after reports from the recipients and refused after the fraud was exposed to stop the unlawful actions. The federal government has implemented a mandatory federal program that directs control of federal recurring payments to financial institutions without providing legal protection and ensuring the legitimacy of procedures against Maude Dunn. SSA and OPM became conspirators to the civil rights violations by the state of Virginia by refusing to stop the abuse.

8. The state of Virginia violated Maude Dunn's fourteenth amendment right under Title II Disabilities Act, which give her the fundamental right of access to the courts and constitutes a valid exercise of Congress' §5 authority to enforce the guarantees of the Fourteenth Amendment. See Supreme Court ruling,   The state also violated Ellen Dunn's right with threats and abuse to protect her mother and expose the abuse of her mother's fundamental rights as a disabled citizen. Maude and Ellen Dunn reported the abuse to Virginia public officials but the state of Virginia continues the abuse and denial of court access to date.

Ellen Dunn _____ Date _____ Page    5

9. That abuse and denial of court access included (1) failure to provide Maude Dunn a lawfully appointed Guardian ad Litem, (2) denial of right to hearing, (3) failure to provide a certified copy of a signed Order of Appointment, (4) Collection of state fees for fraudulent activities, (5) Threats for filing a complaint with the state seeking court access, (5) Abuse by other state agencies, (6) Refusal of public officials to investigate abuses in accordance with state constitution. Maude and Ellen Dunn file a Writ of Mandamus with the Federal Appeals Court. In that writ, Maude and Ellen Dunn reported the obstruction that they had been exposed to in accessing the court pursuant to Virginia Code. A fraudulent dismissal (Exhibit B) was issued in further violation of her right to access the court. The Virginia Appeals court issues ruling one day a week. Records show that there were no rulings issued that day and further no ruling was issued for Maude and Ellen Dunn.

10. Reference should be made to See Supreme Court Ruling, *Tennessee v. Lane* , 541 U.S. _____(2004), which states "Title II, like Title I, seeks to enforce this prohibition on irrational disability discrimination. But it also seeks to enforce a variety of other basic constitutional guarantees, infringements of which are subject to more searching judicial review. See, *e.g., Dunn* v. *Blumstein*, 405 U.S. 330, 336—337 (1972); *Shapiro* v. *Thompson*, 394 U.S. 618, 634 (1969); *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 (1942). These rights include some, like the right of access to the courts at issue in this case, that are protected by the Due Process Clause of the Fourteenth Amendment. The Due Process Clause and the Confrontation Clause of the Sixth Amendment, as applied to the States via the Fourteenth Amendment, both guarantee to a criminal

defendant such as respondent Lane the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta* v. *California,* 422 U.S. 806, 819, n. 15 (1975). The Due Process Clause also requires the States to afford certain civil litigants a "meaningful opportunity to be heard" by removing obstacles to their full participation in judicial proceedings. *Boddie* v. *Connecticut,* 401 U.S. 371, 379 (1971); *M. L. B.* v. *S. L. J.,* 519 U.S. 102 (1996)."

11. The District of Columbia(DC) violated Maude Dunn and Ellen Dunn's fourth and fourteenth amendment rights to the U.S. Constitution, 42 U.S. C.§1983. They conducted an unreasonable search and investigation of their home with no legal basis. DC violated Maude Dunn and Ellen Dunn's civil rights by accepting a complaint from the state of Virginia without legal authority, refusing to process a complaint reported under the Title II Disabilities Act, conducting an illegally investigation, entering the premises without cause basis, and refusing to properly address the violation. Since Maude Dunn has been an uninterrupted DC tax payer, they had no basis to initiate the investigation from VA without legal authority.

12. Maude Dunn is 85 years old and has been subjected to fraud and abuse since 1997. The federal government could have and should have blocked this fraud by enforcing federal statutes on representative payees. Instead they have been a facilitator in this fraud and abuse. Her family is unable to plan or negotiate her legal affairs as the federal government is supporting fraudulent court orders over lawful durable powers of attorney executed between Maude and Ellen Dunn (Exhibits C and D). This inconsistent

standard of legal review among federal agencies and negligence place millions of federal retirees at risk for abuse. The concern over the abuse of people under representative payee agreement is addressed in a GAO study reported dated July 22, 2004 and presented to the Honorable Larry E. Craig, Chairman, Special Committee on Aging.

13. OPM violated Maude Dunn and Ellen Dunn's first amendment, fifth amendment, and fourteenth amendment rights. OPM in a letter dated February 11, 2005 from the Retirement Operations Center states that "You provided our office with a copy of the court order appointing you as Ms. Dunn legal guardian and we began payments to you on her behalf." That statement is false. Maude Dunn and Ellen Dunn were given a Certificate/Letter of Qualification (C/LQ), which are not court orders. OPM knew in 1997 that C/LQ were not court orders. They are not consistent with the requirements set forth in the Virginia code for a guardianship court order. OPM continues to promote fraudulent documents and facilitated through its gross negligence the horrific abuse of Maude Dunn and Ellen Dunn by refusing to comply with federal statute.

14. SSA violated Maude Dunn and Ellen Dunn's first amendment, fifth amendment, and fourteenth amendment rights. SSA in a letter dated February 22, 2005, refused to discuss or acknowledge the reported fraud based on federal regulations. SSA did not identify the federal statutes under which they are restricting information on fraud. They also did not comply with my FOIA inquiry in accordance with federal statutes to identify the legal basis for review.

Ellen Dunn _____ Date _____ Page    8

15. BofA violated Maude Dunn and Ellen Dunn's first amendment, fifth amendment, and fourteenth amendment rights. Bank of America violated Title 18 Part I Chapter 47 §1005; Title 12 Chapter 35 §3402, 3403, and 3407; Title 18 Part I Chapter 47 §1028; and Title 15 Chapter 41 §1693. BofA established restrictive guardianship accounts without having Virginia state court orders and violated Maude Dunn's right to privacy in providing information to unauthorized parties, and violated Maude Dunn's Title II Disability rights; BofA failed to investigate fraud in their fiduciary capacity after receiving notice and evidence from Ellen Dunn; BofA violated the confidentiality of financial records for Maude Dunn and Ellen Dunn in releasing check information; Bank of America conspired with others to violate Maude Dunn and Ellen Dunn's constitutional and civil rights; BofA would not close the unlawful restrictive guardian account and re-establish the lawful joint account to protect Maude Dunn and Ellen Dunn's interest; and BofA made no effort to stop or report the abuse by the Virginia attorneys; participated in an illegal procedure to provide copies of checks to others. BofA continues to show depraved indifference to the rights of Maude Dunn under Title II Disabilities Act, a long time account holder, by continuing to deposit checks in an unlawfully restrictive account. Under Direct Deposit-Electronic Funds Transfer recurring payments statutes, BofA failed to uphold their fiduciary responsibility in managing the legal sufficiency of these accounts. BofA provided confidential financial information on Maude Dunn and Ellen Dunn's bank account under Subpoena Duces Tecum (Exhibit E), in violation of USC Title 12 Chapter 35 §3403.

## BACKGROUND

Ellen Dunn _____ Date 5/30/05 Page    9

16. SSA and OPM participated in and were members of a federal team under the direction of the Federal Reserve and the Treasury Department in implementing the Direct Deposit-Electronic Funds Transfer Program during the 1970s. SSA and OPM knew that the primary motive supporting public service announcement on use of the program was the elimination of fraud and theft and providing security to senior citizens who received these federal recurring payments. Bank of America, the largest state bank in California, at that time was involved with the government in promoting electronic banking and the Direct Deposit Program based on increased service and compliance with federal statutes. These organizations have violated those mandates.

17. Maude Dunn and Ellen Dunn executed durable powers of attorney in accordance with their first amendment rights to freedom of expression. A group of attorneys and state employees misrepresented and deceived Maude Dunn and Ellen Dunn into needing a guardianship to collect unlawful fee. In the process of being denied lawful access to the court, Maude Dunn was subjected to medical review and treatment that violated the Virginia Code, suffered medical mistreatment and harm, Maude and Ellen Dunn were subjected to unlawful fees, and threats for reporting the abuse to Virginia public officials.

18. Maude and Ellen Dunn reported the violations to Virginia public officials under Title II disability and civil rights violations. The state of Virginia while recognizing that there might not be a guardianship, they failed to investigate the fact that fees had been unlawfully collected. After notifying Virginia public officials and receiving threats

Ellen Dunn _Ed_ Date _5/24/05_ Page    10

(Exhibits F and G), Ellen Dunn was fearful of retaliation against her mother and herself. She was in the process of arranging medical care for vision problems that her mother was experiencing. However, once Ellen Dunn determined that none of the defendants would stop their role in the fraud and civil rights violation, she and her mother decided to seek verification of the certified copies of court order from the court under FOIA. Those official court records should have included: (1) a certified copy of the hearing record; (2) a certified copy of the order appointing the guardian ad Litem with the judge of record's signature; (3) a certified copy of the order of guardianship appointment signed by the judge of record; and (4) a certified copy of the Certificate/Letter of Qualifications; etc. However, none of the documents received from the clerk's office under FOIA were certified as copies of official documents in Maude Dunn's official court records. One uncertified signed order had initials/signature that did not represent the judge of record. None of the records received from the court included the documents that the defendants are using to continue to restrict access to Maude Dunn and Ellen Dunn's financial accounts.

19. Maude Dunn is an individual that currently suffers from an impairment disability under the organic brain syndrome as prescribed in 28 CFR 36.103. Maude Dunn takes Depakote, Exelon, and Namenda to help control her mental impairment. Ms. Dunn takes Depakote to control agitation that resulted from her improper exposure to the drugs, Aricept and Risperdal, which occurred based on the fraudulent guardianship requirements from 1997 to 2004. SSA, OPM, and BofA knew that the documentations were not legally sufficient and continued to support the unlawful use of these documents. Maude Dunn

medical treatment and evaluation was not conducted properly in accordance with the
Virginia Code due to the unlawful and fraudulent guardianship process. Maude Dunn's
improper medical treatment caused her probable permanent medical harm as reflected in
her initial hospitalization (Exhibits H) and subsequent improper use of Risperdal.

20. SSA, OPM and BofA could have prevented and mitigated the abuse in 1997 had
they acted responsibly in accordance with Federal statutes when they received the
Certificate/Letter of Qualification. In 2000 Ellen Dunn took her mother to a neurological
specialist for treatment review and appropriate treatment for her medical condition.
Maude Dunn suffers from dementia with lewy bodies, which was properly diagnosed by
neurological specialist in memory disorders (Exhibit I). Because of improper treatment
and her reliance on Depakote, she is excluded from most studies and has limited
opportunities for help. This mistreatment was potentially avoidable had she been given
proper treatment initially under lawfully state guidelines or been advised by SSA, OPM,
or BofA that there was a problem with the documents presented.

21. Because the Federal government failed to investigate these documents, Maude
Dunn and Ellen Dunn: had their rights to privacy violated, were severely abused, were
unlawfully charged fees and continue to have restricted access to Maude Dunn's federal
recurring payments. The fraud started in or about June 1997 and continues to include
social security and civil service payments issued effective May 2005. SSA, OPM, and
BofA were intentionally abusive in not validating the legality of documents. The
documents did not meet SSA, OPM, or BofA federal statutes. In addition, the

Ellen Dunn _____ Date _____ Page    12

documents should have met Virginia Code §37.1-134.14, Court order of appointment;
limited guardianships and conservatorships. Once notified by Ellen Dunn of the
suspected fraud, SSA, OPM, and BofA failed to investigate or terminate the fiduciary
arrangement and engaged in actions that make them co-conspirators to the abuse against
Maude and Ellen Dunn in over 100 different payments to date.

22. BofA was involved in the Direct Deposit-Electronic Funds Transfer (DD-EFT)
Program from its inception. Treasury representatives worked with BofA officials in their
California branch operations, Federal Reserve Bank officials and Senior Citizen facilities
to develop and promote the program in protecting senior citizens from fraud based check
operations. BofA knew that the goal of DD-EFT was to provide senor citizens a more
secure and fraud free payment system. BofA worked with Treasury and other government
officials since approximately 1975 to implement the program and improve service to
senior citizens.

23. Maude Dunn's sole sources of income are Federal recurring payments; Social
Security and Civil Service Retirement and Survivor Annuity.  The SSA and OPM
authorized direct deposit of federal recurring payment based on non-existent lawful state
court orders and BofA continues to deposit payment federal recurring payments into
restricted accounts based on non-existent court orders. Maude Dunn and Ellen Dunn
filed  complaints with the United States Justice Department  based on sovereign
immunity claimed by the state of Virginia and the impact of denying court access to
disabled citizens. The Justice Department has declined to take any action (Exhibit J).

Ellen Dunn _____ Date_____ Page    13

However, congressional studies on the abuse of the disabled supported the passage of Title II to American with Disabilities Act of 1990 and the Supreme Court recent rulings indicate that they believe that disabled citizen deserve protection under due process. Since Maude and Ellen Dunn's abuse and discrimination has been ongoing for nine years, it is an issue of public concern. Maude Dunn has made her daughter aware that most people do not have advocates to fight tirelessly for their right and that this issue should be brought to the attention of the federal courts.

24. The SSA, OPM, and BofA were parties to fraudulent and abusive practices. After Ellen Dunn discovered and reported the fraud, they failed to conduct an investigation. Specifically, SSA failed to take corrective action, which included terminating the fraudulent guardianship designation, issuing an appropriate administrative representative payee designation, and referring the case to the Treasury Department and Justice Department as appropriate. OPM also failed to terminate the fraudulent guardianship designation, and refer to the case to the Treasury Department and Justice Department as appropriate. BofA failed to verify and terminate the fraudulent court order, restore the original accounts, or investigate the confidentiality financial records violations. DC failed to remove the fraudulent record for Maude Dunn and Ellen Dunn.

25. In addition, the Virginia Attorney General's office acknowledged in a letter dated May 20, 2003 that " From your letter, I gather that you are upset that the Clerk of Court, or his Assistant, has certified a document that does not contain the signature of the Judge handling the matter . You are justly concerned. This means, based upon my experience and training, that the clerk is only certifying that this document was filed

Ellen Dunn _____ Date _____ Page    14

among the records of the Court, apparently by Mr. Joseph W. Hood, Jr. Esq. seeking the
appointment of the client Sonya Lee Ann Powell, as Guardian. It is of no legal effect until
the execution by signature and dating of a judge" (Exhibit K). The Virginia Attorney
General's office further states " Perhaps , with a telephone call you might mow obtain
from Frederick C. Jenke III, Clerk of the Court, Virginia Beach, 757-427-4191, the "final
order" of the Court (the Judge) entered in this matter.   That would be of legal
significance. Or perhaps no Order was entered? Then, there is no Guardian."

26.  Formal notice was given to SSA, OPM, and BofA because they had made
decisions in violation of Maude and Ellen Dunn's first, fifth, and fourteenth amendment
rights and equal protection rights without statutory basis. We were unable to get the state
officials to take any action concerning the petition on these federal recurring payments
because Virginia has sovereign immunity. However, the Supreme Court has ruled in
*Tennessee v. Lane* , 541 U.S. _____(2004) that all disabled persons under Title II have
their rights protected concerning access to the courts.  The Federal Government failed to
take the appropriate actions and along with BofA refused to stop the fraud and abuse of
Maude Dunn and Ellen Dunn. They violated their fiduciary and civil rights responsibility
to equal protection.


27.  As a result of the continuing fraud and abuse Maude Dunn was subjected to
improper and harmful medical treatment, which will adversely impact on her future care.
Ellen Dunn was threatened and court officials sought to interfere with the medical care of
her mother and place her mother in a dangerous environment. The Federal government
and BofA could have intervened and stopped the violations and prevented the abuse of

Ellen Dunn  *Ed* Date *5/30/05* Page     15

Maude Dunn and Ellen Dunn.  Instead they have actively supported the violations to Title II Disabilities act on access to the court and legality of court documents, which resulted in the civil rights violations.

28. Defendants' above-described conduct was extreme, unreasonable and outrageous. By engaging in such conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that plaintiffs would suffer extreme medical and emotional distress as a result of defendants' conduct. As a proximate result of said conduct, plaintiffs suffered severe emotional distress, pain and suffering, fear, anxiety, embarrassment, discomfort and humiliation, all to their general damage in an amount to be proven, and incurred special damages in an amount to be proven.

### **PRAYER FOR RELIEF**

Wherefore, Maude Dunn and Ellen Dunn respectfully requests that this Court:

A.    Grant a permanent injunction for  Maude Dunn and Ellen Dunn to have the SSA to terminate the guardianship designation for her social security (SSA) payments and reissue the payments under the representative payee agreement as specified in Title 20 CFR 404, Subpart U based on information contained in complaint.

B.    Grant Maude Dunn and Ellen Dunn's right to have SSA's legal standards of review for state court orders, because they are part of public record. We challenge their right to refuse the information under FOIA.

Ellen Dunn _EN_ Date _5/30/05_ Page    16

C.   Grant a permanent injunction for Maude Dunn and Ellen Dunn to have OPM terminate the guardianship designation for her retirement and survivor benefit retirement payments and reissue the payments under the representative payee agreement as specified in Federal Register/ Vol. 68, no. 178/Monday, September 15, 2003/ Notices.

D.   Grant Maude Dunn and Ellen Dunn's rights to have OPM's legal standards of review for state court orders, because they are part of public record.  We challenge their right to refuse us this information requested under FOIA.

E.   Grant Maude Dunn and Ellen Dunn a permanent injunction to have BofA terminate the guardianship accounts for checking and savings accounts and reestablish the joint ownership accounts originally established by Maude Dunn and Ellen Dunn.

F.   Maude Dunn and Ellen Dunn seek BofA's legal standards of review for state court orders. BofA is a federal contractor and is subject to Civil Rights Laws. Under Regulation E-Direct Deposit Electronic Funds Transfer, it is an issue of interest to the public.

G.   Expunge the unlawful investigation conducted of Maude and Ellen Dunn in the District of Columbia.

H.   An award of compensatory and general damages against defendants and each of them, in an amount to be determined according to proof;

I.   An award of exemplary and punitive damages against all defendants sued in their individual capacities in an amount to be proven at trial;

J.   An award of plaintiffs' costs, expenses, attorney fees, etc.

Ellen Dunn  _____ Date _____ Page    17

K.  Removal of mandatory use of direct deposit because of the fraud and

corruption of government.

L. Trial By Jury; and such other and further relief as the Court

may deem just and proper.


Respectfully submitted,

plaintiffs

Exhibits

DATED:  _May 30, 2005_


_____

Ellen Dunn



_____

Maude Dunn

VIRGINIA: IN THE VIRGINIA BEACH CIRCUIT COURT CLERK'S OFFICE

# CERTIFICATE/LETTER OF QUALIFICATION

I, the duly qualified clerk/deputy clerk of this Court, **CERTIFY** that on February 13, 1997

### ELLEN OLIVIA DUNN

duly qualified in this Office under applicable provision of law as Guardian of the Person and of the Estate of

### MAUDE O. DUNN, INCAPACITATED

Bond $ 40,000.00   without surety - none required by court order

The powers of the fiduciary named above continue in full force and effect

DATE:  February 13, 1997

J. CURTIS FRUIT, CLERK

By: _Tracey D Carlisle_

Deputy Clerk

CERTQUAL.FRM - REV. 6/95

Exhibit A

# VIRGINIA:

*In the Court of Appeals of Virginia on* Wednesday *the* 18th *day of* May, 2005.

Ellen Dunn and Maude Dunn, Petitioners,

Record No. 0407-05-1

Circuit Court of the City of Virginia Beach,
Jerry Kilgore, Attorney General of Virginia and
Mark Warner, Governor of Virginia, Respondent:

Upon a Petition for Writ of Mandamus

Before Senior Judges Coleman, Willis and Annunziata

Petitioners have filed a petition for a writ of mandamus arising out of matters relating to guardianship proceedings for an adult, Maude Dunn.

The Court of Appeals lacks jurisdiction over this case. Pursuant to Code § 17.1-404, "the court shall have original jurisdiction to issue writs of mandamus" only in "cases over which the court would have appellate jurisdiction." This Court has appellate jurisdiction over such cases as are described in Code §§ 17.1-405 and 17.1-406. Code § 17.1-405 provides for jurisdiction over:

> (3) Any final judgment, order, or decree of a circuit court involving: (a) Affirmance or annulment of a marriage; (b) Divorce; (c) Custody; (d) Spousal or child support; (e) The control or disposition of a child; (f) Any other domestic relations matter arising under Title 16.1 [juvenile matters] or Title 20 [establishing parent-child relationship]; (g) Adoption under Chapter 12 (§ 63.2-1200 et seq.) of Title 63.2; or (h) A final grievance hearing decision issued pursuant to subsection B of § 2.2-3007. . . .

Exhibit *B pg 1*

The guardianship order for which petitioner seeks a writ of mandamus is not included in this Court's appellate jurisdiction. Accordingly, we deny the writ and dismiss the petition.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Exhibit *B page 2*

COURT OF APPEALS OF VIRGINIA
109 NORTH EIGHTH STREET
RICHMOND, VIRGINIA 23219-2305

Ms. Ellen Dunn
1323 Webster Street, N.E.
Washington, DC 20017

20017+2747 28

Exhibit B page 3

## SPECIFIC POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:**

That I, Maude O. Dunn, City of Virginia Beach, State of Virginia, have made, constituted, and appointed, and by these presents do make, constitute, and appoint daughter, Ellen Olivia Dunn, of 1315 Glyndon Drive, Virginia Beach, Virginia 23464, my true and lawful attorney, for me in my name, place and stead, to execute and sign any deed, note, contract, bond or other paper, form or instrument necessary and incident to the sale of the following described property:

> Parts of Lots numbered Eighteen (18) and Nineteen (19) in Square Thirty-nine Hundred Seventy-five (3975) in a subdivision made by Martha F. Buckley and Maggie Polwarth, as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 94 at folio 44, described as follows: beginning at the Northwest corner of said Lot Nineteen (19) and running thence South along the East line of 13th Place, 70 feet to the South line of said Lot 18; thence East along the South line of Lot 18, 65 feet; thence North on a line parallel with the East line of 13th Place, 70 feet to the South line of Webster Street and thence West along the South line of Webster Street, 65 feet to the place of beginning; now taxed as Lot 818 in Square 3975.

or any other papers required under the Real Estate Settlement Procedures Act; and to furthermore make any necessary covenants, warranties, and assurances, and do any and all acts and things necessary and incident to the sale of said property.

This Specific Power of Attorney shall not be terminated by my disability nor shall there be any liability on any person, firm or corporation relying on this Specific Power of Attorney subsequent to my death provided such person, firm or corporation had not received actual notice of my death.

I hereby ratify and confirm all lawful acts done by my said attorney by virtue hereof.

WITNESS the following signature and seal this 23rd day of ~~August~~, 1996. SEPTEMBER

*Maude O. Dunn* (SEAL)
Maude O. Dunn

Exhibit C

STATE OF VIRGINIA,
CITY OF VIRGINIA BEACH, to-wit:

The foregoing Specific Power of Attorney was sworn and subscribed to before me this 23rd day of August, 1996 by Maude O. Dunn.

SEPTEMBER

_____
                    Notary Public

My Commission Expires: My Commission Expires September 30, 1998

_____
Signature of Ellen Olivia Dunn
for Identification

Exhibit C

Page 2 of 2

## GENERAL POWER OF ATTORNEY

I, Maude O. Dunn, of Virginia Beach, Virginia, do hereby make this General Power of Attorney appointing my daughter, Ellen Olivia Dunn, of 1315 Glyndon Drive, Virginia Beach, Virginia, my true and lawful attorney-in-fact. My attorney-in-fact is authorized to act for me in my name, place and stead as follows:

(1) To ask, demand, sue for, recover and receive, of and from all corporations, associations, entities and persons whatsoever (a) each and every piece or parcel of realty and article of personalty which I own or which I am entitled to possess, and (b) each and every sum of money or right due and owing, or that may become due and owing, to me on any and every account, contract or tort, or, at my attorney's discretion to arbitrate or compromise for the same, and give discharges;

(2) To sign any bond, deed, obligation, contract, court order, pleading or process, tax return (including the consent required under IRC § 2513) or any other paper;

(3) To draw upon any banks or other financial institutions, or any corporations, associations, entities or individuals for any sum or sums of money that may be to my credit, or which I may be entitled to receive;

(4) To borrow money in my name on such terms as my attorney may deem appropriate and to execute and deliver any documents necessary to give any lender a security interest in any or all of my real and/or personal property in connection with any loan;

(5) To sell or lease any part or parts of my real or personal estate, or any interest which I may have in any real or personal

estate, wheresoever situated, upon such terms as my attorney may deem appropriate, and to make all necessary deeds and conveyances thereof, with all necessary covenants, warranties and assurances, and to sign, seal, acknowledge and deliver the same;

(6)   To make investments on my behalf in accordance with $26-45.1(a) of the Code of Virginia (1950), as amended;

(7)   To enter any safe deposit box that I may be the lessee of, or otherwise entitled to enter, in any bank, place or institution;

(8)   To borrow against or obtain the cash surrender value of any of my life insurance policies, and to transfer the ownership of any such policies to the beneficiary(s) named therein;

(9)   To create, and to add to, intervivos trusts for my benefit;

(10)  To make gifts to beneficiaries named in my will by way of total or partial satisfaction of any bequests, legacies or devises made to such beneficiaries in my will as written at the time of such gifts; and

(11)  Without limiting the above powers, to do all such other acts, matters and things in relation to all or any part of, or interest in, my property, estate, affairs or business of any kind or description in the State of Virginia, or elsewhere, as I myself might or could do if acting personally.

This power of attorney shall not terminate on disability of the principal.  This power of attorney may be annulled at any time after the execution hereof by an instrument of revocation being

2

recorded in the Clerk's Office of the Circuit Court for the jurisdiction where I reside at the time of the execution of this power, which residence is stated above.

WITNESS the following signature and seal, this 23rd day of ~~August,~~ SEPTEMBER 1996.

_Maude O. Dunn_ (SEAL)
Maude O. Dunn


STATE OF VIRGINIA
CITY OF VIRGINIA BEACH: to-wit:

    The foregoing instrument was acknowledged before me this 23rd day of ~~August~~ 1996, by Maude O. Dunn. SEPTEMBER

_____
Notary Public

My Commission Expires:    My Commission Expires September 30, 1998

3

Exhibit _Q_

Page 3 of 3

JOSEPH W. HOOD, JR. & ASSOCIATES
ATTORNEYS AND COUNSELLORS AT LAW
REFLECTIONS ONE, SUITE 100
2809 SOUTH LYNNHAVEN ROAD
VIRGINIA BEACH, VIRGINIA 23452-6700

JOSEPH W. HOOD, JR.
SARAH D. MIRANDA*
AMY E. CROSS
*ALSO ADMITTED IN NC

TELEPHONE
(757) 340-5800

FACSIMILE
(757) 340-3787

July 27, 2001

J. Curtis Fruit, Clerk
Circuit Court, Chancery Division
2425 Nimmo Parkway
Virginia Beach, VA  23456

**In Re: The estate of Maude O. Dunn, an incapacitated adult
CH96-4092**

Dear Mr. Fruit:

Enclosed please find a copy of my Attorney Issued Subpoena Duces Tecum in the above-referenced action.

Thank you for your assistance in this matter.

Sincerely,

Joseph W. Hood, Jr.

JWHjr:blm

Enclosure

cc:     Kenneth V. Geroe, Esquire
        file

FILED
V.A. BEACH CIRCUIT COURT
01 AUG -1 AM 11: 47
J. CURTIS FRUIT, CLERK

Exhibit 6 page 1

SUBPOENA DUCES TECUM (CIVIL) – 
ATTORNEY ISSUED VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia   Supreme Court Rules 1:4, 4:9

Case No.: CH96–4092

HEARING DATE AND TIME

Virginia Beach Circuit .............................................................................Cou

2425 Nimmo Parkway, Virginia Beach, Virginia, 23456
COURT ADDRESS

v/In re: The estate of Maude O. Dunn, an
incapacitated adu

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**
You are commanded to summon

Bank of America
NAME

745 Lynnhaven Parkway
STREET ADDRESS

Virginia Beach, VA  23452
CITY                    STATE                                              ZI

**TO the person summoned:** You are commanded to make available the documents and tangible thing
designated and described below:

Copies of the following cancelled checks for account # 008 360 5956: #3010 in the

amount of $1,000.00, #3011 in the amount of $254.00, #3012 in the amount of $140 (

#3017 in the amount of $10,000.00 (between 2/97 and 8/97).

                                                                on or before
at 2809 S. Lynnhaven Road, #100, Virginia Beach, VA  at  August 13, 2001, at 5:00 p.
         LOCATION                              23452              DATE AND TIME
to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such
tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of
Ellen Dunn
PARTY NAME

Joseph W. Hood, Jr.                          23567
NAME OF ATTORNEY                         VIRGINIA STATE BAR NUMBER

2809 S. Lynnhaven Road, Suite 100           (757) 340-5800
OFFICE ADDRESS                          TELEPHONE NUMBER OF ATTORNEY

Virginia Beach, VA  23452                    (757) 340-3787
OFFICE ADDRESS                          FACSIMILE NUMBER OF ATTORNEY

7/27/01
DATE ISSUED                             SIGNATURE OF ATTORNEY

*Notice to Recipient:* See page two for further information.
                    RETURN OF SERVICE (see page two of this fo

                                            Exhibit ___ pages

FORM DC-498   7/00

TO the person summoned:

    If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

TO the person authorized to serve this process: Upon execution, the return of this process shall be made to the clerk of court.

NAME: _____

ADDRESS: _____

| ☐ PERSONAL SERVICE | Tel. No: |

Being unable to make personal service, a copy was delivered in the following manner:

☐  Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.  List name, age of recipient, and relation of recipient to party named above:

_____

☐  Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐  not found _____, Sheriff

_____ by _____, Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, ___Joseph W. Hodd, Jr.___, counsel for ___Ellen Dunn___, hereby certify

that a copy of the foregoing subpoena duces tecum was ___mailed___
                                        DELIVERY METHOD

to ___Kenneth V. Geroe___, ~~counsel of record for~~ Commissioner of Accounts

on the ___27th___ day of ___July___, ___2001___

_____
SIGNATURE OF ATTORNEY

Exhibit _&_ page 3

Certificate of Service
**Virginia Beach Circuit Court - Chancery**
Case Number: CH96-4092

InRe:

       Plaintiff:

vs.

       <u>August 13, 2001</u>
       Court Date

The Estate of Maude O.   Defendant:
Dunn

The undersigned being duly sworn, states:
I am over the age of 18 years old and not a party to the above named entitled action.

**I MADE SERVICE OF:**   Subpoena Duces Tecum

**SERVICE ON:**   Bank of America

**ADDRESS:**   745 Lynnhaven Parkway, Virginia Beach, VA

**DATE SERVED:**   August 2, 2001   **TIME SERVED:**   12:50 PM

**(xx)**   DELIVERED TO PERSON FOUND IN CHARGE OR USUAL PLACE OF BUSINESS OR EMPLOYMENT DURING BUSINESS HOURS AND GIVING INFORMATION OF ITS PURPORT.

       Jan LaRowe

I declare under penalty of perjury that the Return is true and correct.

_Andrea Driskell_       Date August 5, 2001
Andrea Driskell
Driskell Services, Inc.
600 Archcove Court
Norfolk, VA, 23502
Bus:(757) 461-4099 , Fax:(757) 461-4105

SUBSCRIBED AND SWORN TO before me a notary public, Sunday, August 5, 2001.
In the City of Norfolk and the Commonwealth of Virginia.

_Teena Driskell_
Teena Driskell, Notary Public

My Commission Expires April 30, 2002.

Exhibit _E page 4_

SUBPOENA DUCES TECUM (CIVIL) –
ATTORNEY ISSUED VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia  Supreme Court Rules 1:4, 4:9

Case No.: _____ CH96–4092

HEARING DATE AND TIME

Virginia Beach Circuit _____ Cou

2425 Nimmo Parkway, Virginia Beach, Virginia, 23456
COURT ADDRESS

_____ v./In re: The estate of Maude O. Dunn, an

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:** incapacitated adu
You are commanded to summon

Bank of America
NAME

745 Lynnhaven Parkway
STREET ADDRESS

Virginia Beach, VA  23452 _____ ZI
CITY                               STATE

**TO the person summoned:** You are commanded to make available the documents and tangible thing
designated and described below:

Copies of the following cancelled checks for account # 008 360 5956: #3010 in the

amount of $1,000.00, #3011 in the amount of $254.00, #3012 in the amount of $140 (

#3017 in the amount of $10,000.00 (between 2/97 and 8/97).

                                              on or before
at 2809 S. Lynnhaven Road, #100, Virginia Beach, VA    at   August 13, 2001, at 5:00 p.
               LOCATION                          23452              DATE AND TIME
to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such
tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

Ellen Dunn
PARTY NAME

Joseph W. Hood, Jr.                          23567
NAME OF ATTORNEY                           VIRGINIA STATE BAR NUMBER

2809 S. Lynnhaven Road, Suite 100            (757) 340-5800
OFFICE ADDRESS                             TELEPHONE NUMBER OF ATTORNEY

Virginia Beach, VA  23452                    (757) 340-3787
OFFICE ADDRESS                             FACSIMILE NUMBER OF ATTORNEY

7/27/01
DATE ISSUED                                  SIGNATURE OF ATTORNEY

**Notice to Recipient: See page two for further information.**
                **RETURN OF SERVICE** (see page two of this form
                                              Exhibit _E_ pages

FORM DC-498  7/00
MASTER PAGE ONE OF TWO)

**TO the person summoned:**

   If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME:

ADDRESS:

☐ PERSONAL SERVICE | Tel. No:

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ not found _____, Sheriff

_____ by _____, Deputy Sheriff
   DATE

## CERTIFICATE OF COUNSEL

   I, ___Joseph W. Hodd, Jr.___, counsel for ___Ellen Dunn___, hereby certify that a copy of the foregoing subpoena duces tecum was ___mailed___

to ___Kenneth V. Geroe___, ~~counsel of record for~~ Commissioner of Accounts

on the ___27th___ day of ___July___, ___2001___

SIGNATURE OF ATTORNEY

Exhibit *E page 6*

# KENNETH V. GEROE
### ATTORNEY AND COUNSELLOR AT LAW
### VIRGINIA BEACH, VIRGINIA

**COMMISSIONER OF ACCOUNTS**
**CIRCUIT COURT OF VIRGINIA BEACH**

**ANITA L. CRAFT**
**LEGAL ASSISTANT**



101 NORTH LYNNHAVEN RD., SUITE 101
VIRGINIA BEACH, VIRGINIA 23452-7501
TELEPHONE (757) 340-4747
FACSIMILE (757) 340-0305

December 8, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ellen Olivia Dunn
1323 Webster Street, N.E.
Washington, D.C. 20017

Re: Guardianship of Maude O. Dunn

Dear Ms. Dunn:

Pursuant to the show cause hearing of November 21, 2003, of which you were aware and chose not to be present, the Court, upon its own Motion, issued a Capias for your arrest. I suggest that it might make it easier on you by just turning yourself in.

Very truly yours,

Kenneth V. Geroe
Commissioner of Accounts

KVG/alc

Exhibit _H_



VIRGINIA BEACH
GENERAL HOSPITAL
*A Tidewater Health Care Facility*

PATIENT REGISTRATION

JUL 1 - RECO

1

DUNN, MAUDE O                                    Occ:                    LOE:        STT:
1315 GLYNDON DR                                  Employer: RETIRED                    Sex: F
VA BEACH, VA  23464                              UNK                                  FC: MC
Home: (757) 424-1559  Work: (757)    -           VA BEACH, VA  23462
SS#: 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    DOB: 08/03/19  Age:077Y  Marital Status: M          Race: B

DX: RECTAL BLEEDING                              Att Dr.: PIKE, IRVING M.  Dr#: 003510
Acct #: 100012277  Med Rec #:      506498        Adm Dr.: PIKE, IRVING M.  PSR : AAB
Adm Date/Time: 06/30/97 1206    SVC: OPM         Dep Qt:   $0.00   Dep Coll:    $0.00

DUNN, MAUDE O                                    Occ:                    LOE:
1315 GLYNDON DR                                  Employer: RETIRED
VA BEACH, VA  23464                              UNK
Home: (757) 424-1559  Work: (757)    -           VA BEACH, VA  23462
Soc Sec #: 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                           Relationship to Patient: PATIENT IS R

SPOUSE        DUNN, THOMAS                                    NONE,
RETIRED
                        (000)000-0000  ,                        (000)000-0000

Plan: 1MC  Name: MEDICARE PART B                 Plan: 2BK Name: KEYCARE GOVERNMENT EM
Policy #: 579184222B                             Policy #: R28752783
Grp Nm:          Grp#:                           Grp Nm:          #: 1CHART COMPLETION
Sub's Info: DUNN                                 Sub's Info: DUNN
1315 GLYNDON DR                                  1315 GLYNDON DR
VA BEACH, VA  23464                              VA BEACH, VA  23464
Employer: RETIRED                                Employer: RETIRED
Authorization Number:                            Authorization Number:

| CODE | DIAGNOSES | CODE | PROCEDURES |
|------|-----------|------|------------|
| 5693 | PRINCIPAL DIAGNOSES  Normal Colon | | PRINCIPAL PROCEDURES |
|      | On exam into transverse | 45378 | Patient not |
|      | colon | | does not want to spend resources... |

PHYSICIANS ORDER:                                NOTES:

6/30/97 Start...

(1) I'll speak to patient's Daughter who
Pt. is dependent on D/C

(2) KUB

(3) Plans dependent on KUB

Exhibit A page1

ATTENDING PHYSICIAN'S SIGNATURE    M.D.    DATE 6/30/97    DRG

BEST COPY



**VIRGINIA BEACH
GENERAL HOSPITAL**
*A Tidewater Health Care Facility*

**DEPARTMENT OF PATHOLOGY**

*R. Lawrence Smith, M.D.,  Valerio M. Genta, M.D.,  Robert A. Frazier, Jr., M.D.*

NAME: DUNN, MAUDE O                    LOC: ER
                                       PHY: EMERGENCY PHYS. OF T
DOB: 08/03/1919                        SEX: F
MED REC #: 00506498                    HOSP: 00087517637

---

### HEMATOLOGY CBC

| DATE: | 04/21/97 | | | NORMAL | UNITS |
|-------|----------|--|--|--------|-------|
| TIME: | 1725 | | | | |
| WBC | 4.7 L | | | 4.8-10.8 | K/MM3 |
| RBC | 3.69 L | | | 3.8-5.2 | M/MM3 |
| HGB | 11.2 | | | 11.6-15.2 | G/DL |
| HCT | 34.9 | | | 34.9-45.7 | % |
| MCV | 94.8 H | | | 80.0-94.0 | FL |
| MCH | 31.8 | | | 26.8-33.2 | PG |
| MCHC | 33.6 | | | 32-35 | G/DL |
| RDW | 14.1 | | | 11-15 | % |
| PLATELETS | 284 | | | 130-400 | K/MM3 |
| MPV | 7.8 L | | | 8.5-12.1 | FL |
| POLYS (SEGS) | 56 | | | 46-81 | % |
| LYMPHOCYTES | 28 | | | 19-47 | % |
| MONOCYTES | 11 | | | 1-11 | % |
| EOSINOPHILS | 4 | | | 0-5 | % |
| BASOPHILS | 1 | | | 0-1 | % |

---

### CHEMISTRY

| DATE: | 04/21/97 | | | NORMAL | UNITS |
|-------|----------|--|--|--------|-------|
| TIME: | 1725 | | | | |
| SODIUM | 144 | | | 136-146 | MEQ/L |
| POTASSIUM | 3.7 | | | 3.4-5.0 | MEQ/L |
| CHLORIDE | 116 | | | 100-106 | MEQ/L |
| CO2 | 29 | | | 24-32 | MEQ/L |
| GLUCOSE | 145 H | | | 60-110 | MG/DL |
| BUN | 11 | | | 7-22 | MG/DL |

DUNN, MAUDE O                  END OF REPORT          Exhibit H p.2
04/21/97 19:02                                        FINAL REPORT

**BEST COPY**

To: VAB                          From: VPC STATION 2                    4-22-97  8:33pm  p. 1  of 1

## VIRGINIA BEACH GENERAL HOSPITAL
## EMERGENCY PHYSICIANS OF TIDEWATER

686061

**PATIENT NAME:** DUNN, MAUDE  **BED #:**          **SSN:** 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
**Date of Service:** 04/21/97          **Time Seen:**

**CHIEF COMPLAINT:** Violent behavior, sleepless.

**PREHOSPITAL CARE/EMS CONTROL:**

**HISTORY OF PRESENT ILLNESS:** Mrs. Dunn is a 77-year-old female who has Alzheimer's disease. According to her daughter, she has been doing fairly well. Dr. Adelheit started her on something called Aricept which is a new drug for Alzheimer's. Since starting the Aricept, the daughter noticed that she had been restless, not eating, sleeping less. She stopped the medicine on Saturday night. On Sunday, the woman became very violent, starting throwing furniture, using knives, actually cut some electric wires. The daughter said that the episodes come and go and that in-between the episodes of violence that she will be calm. Today she was still acting abnormal, very withdrawn, not talking but has eaten a little bit. The daughter is concerned about her safety and the safety of her mother. She is concerned that it might clear with stopping the Aricept, however, she does not think that this is really the cause of it. She says that the Aricept was not particularly helping, but she is very concerned about the violent behavior. The mother has not been violent today but she has been very withdrawn and acting much more abnormal.

**REVIEW OF SYSTEMS:**

**PAST MEDICAL HISTORY:** Alzheimer's disease. Medications are only Aricept and Premarin. She stopped the Aricept on Saturday night.

**FAMILY HISTORY:** Noncontributory.

**SOCIAL HISTORY:** She lives with her daughter who is a very caring individual and would like to stay with her mother.

**PHYSICAL EXAM:** In the ER, the patient is very placid. **VITAL SIGNS:** Afebrile, pulse 96, respirations 16, blood pressure 130/17. The patient is awake, alert and answers questions appropriately, smiles, appears to be a very gentle woman. Pupils are equal, round and reactive to light and accommodation. Extraocular movements are intact. TMs are clear. Neck is supple. Lungs are clear with good breath sounds. Heart has a regular rate and rhythm with no murmurs, rubs or gallops. Abdomen is soft, nondistended, nontender, with normoactive bowel sounds. Neuro: Glasgow coma score is 15. Cranial nerves II through XII are intact. Good strength in all extremities. No anesthesia, weakness. Reflexes are full and equal.

**IMPRESSION/DIFFERENTIAL DIAGNOSIS:** Evaluation of violent behavior in a lady that is not now on Aricept. I looked up Aricept in the one of the booklets, since it is a new drug, it is not actually in the PDR. It says that some of the bad affects are nausea, diarrhea, insomnia, vomiting, muscle cramps, fatigue and anorexia but does not describe violent behavior. I suspect that since she has been off the medicine when she had these abnormal reactions that it was more a progression of her Alzheimer's. I am going to call Virginia Beach Psychiatric and have them evaluate her for possible admission since she is indeed dangerous to herself and others. We will check a CBC and a SMA-6 to rule out any physiologic problems.

**ANCILLARY SERVICES:** WBC 4.7, hemoglobin 11.7, platelet count 284, 56 polys, 28 lymphs, 11 monos. Sodium 144, potassium 3.7, chloride 106, CO2 29, glucose 145, BUN 11.
**EMERGENCY DEPARTMENT COURSE AND TREATMENT:** The patient remained very placid in the emergency department. I called one of the comprehensive mental health workers to evaluate her because of her prior episode of violence and I feel that she may be dangerous to herself and her daughter and that is her daughter's concern. She has stopped the          and I really do not think this is what caused her violent behavior. I think that it is just progression of her Alzheimer's. She is going to be admitted to Virginia Beach Psych for observation and medication control until we are sure that she no longer exhibits anymore violent behavior. Her daughter would very much like to have her come back home.
**PROCEDURE:**
**DISCHARGE/DISPOSITION:** Virginia Beach Psych.

**CONDITION ON DISCHARGE:** Good.

**FINAL DIAGNOSIS:** Alzheimer's disease and violent behavior.

Exhibit H page 3

SUZANNE S. LOVE, M.D.

SSL/lb/rg
DD:DT:JOB: 042197:042297:3004:3085

BEST COPY

VIRGINIA BEACH
GENERAL HOSPITAL
A Tidewater Health Care Facility

**MEDICAL RECORDS**
**EMERGENCY ROOM RECORD**

No. **686461**

ALLERGIES

NKDA

1700 Even per D. Love 1230 lab drawn per
tech 1830 VBPC crisis worker here c pt
1930 To VBPC via POV accompanied by daughter
left 5 waiting for copy of chart.

☐ YES ☐ NO  **WRITTEN DISCHARGE INSTRUCTIONS**

**DISCHARGE CONDITION** ☐ STABLE ☐ AMB. ☐ W/C ▸ **NURSES SIGNATURE** ▸

**PHYSICIANS ORDERS:**

TO V3 PSYCH

**ORDERS**
☐ AMYLASE
☒ CBC
☐ MONO
☐ SMA 6
☐ ETOH

☐ BLOOD C&S
☐ UA ☐ C&S
☐ EKG
☐ ABG
☐ TC ☐ RPD
☐ GM ST
☐ WET PREP
☐ TM
☐ PREG. U/S
☐ BHCG
☐ IVP
☐ U S

☐ CT HEAD ☐ W ☐ WR
☐ SKULLS
☐ C SPINE ☐ LAT ☐ FULL
☐ LS SPINE
☐ CXR ☐ PORT ☐ PA ☐ F
☐ HIP       ☐ L   ☐ R
☐ KNEE    ☐ L   ☐ R
☐ ANKLE   ☐ L   ☐ R
☐ FOOT    ☐ L   ☐ R
☐ WRIST   ☐ L   ☐ R
☐ HAND    ☐ L   ☐ R
☐ KUB      ☐ F & U

**HISTORY & PHYSICAL**

½

**EMS CONTROLLED** ☐

EMR

**DIAGNOSIS**          **DISPOSITION**          **PHYSICIANS SIGNATURE**

Alz He. m / Violent

**DATE**  04/21/1997  **ATTENDING PHYSICIAN NAME & NO.**  EPT, M.D.  001450  **PRIVATE PHYSICIANS NAME & NO.**  EDELHEIT, DONAL 001410  **MEANS OF ARRIVAL** C  **TIME IN** 16:23  **TIME OUT** 1930

DUNN, MAUDE O.                      331
1415 GLYNDON DR                     312
VA BEACH VA  23464

**SOCIAL SECURITY NO.** 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  **COMPLAINT** NEW MED, SLEEPLESS, VIOLENT
**HOME PHONE** (757)424-1559  **BIRTH DATE** 08/03/19  **AGE** 077Y  R  S  **MS** B  F  M  MC
**OCCUPATION**                **EMPLOYER** RETIRED

DUNN, THOMAS .
1  RETIRED
          (     )000-0000  (     )    -

**WORK PHONE**                **ACCIDENT DATE & TIME**  NO

**CONTACT** II  **NAME** NONE TO GIVE,  **PHONE** (     )000-0000  **RELATIONSHIP** / **TEMPORARY**

Exhibit H page 4

**INS I** MC2  **INSURANCE CO.** MEDICARE PART B  **POLICY NUMBER** 579184222B  **GROUP NUMBER**  **SUBSC** DUNN, MAUDE O

**INS II** BC2  **2ND PL. INSURANCE CO.** BLUE CROSS SECONDA  **POLICY NUMBER** R28752783  **GROUP NUMBER** 104  **SUBSCRIBER** DUNN, MAUDE O

**RELATIONSHIP** 01  **GUARANTOR NAME** DUNN, MAUDE O.  **ADDRESS** 1415 GLYNDON DR  **PHONE** (757)424-155

**CITY** VA BEACH  **STATE** VA  **ZIP** 23464  **SOCIAL SECURITY NO.** 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  **P.O.B.**  **EMPLOYER** RETIRED  **PHONE**

**EMPLOYER ADDRESS**          **CITY**

BEST COPY

**MEDICAL RECORDS NO.** 506498  **ACCOUNT NUMBER** 087517637

VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

IN THE MATTER GUARDIANSHIP    :
OF MAUDE DUNN                           :

IN CHANCERY NO._____

## MEDICAL ASSESSMENT OF MAUDE DUNN

1.  This report has been prepared at the request of the family of my patient Maude

Dunn and is being submitted to the Circuit Court of the City of Virginia Beach.

2.  Maude Dunn has been my patient since 2/23/00.

3.  At that time, Ms. Dunn had significant dementia.  Her daughter recognized her

mother needed medical assistance.

4.  Over a period of almost three years, I see Ms. Dunn every three months.   In

addition, her daughter contacts my office if she has any concerns.

5.  Mrs. Dunn's symptoms are treated with the following medications:  Trazadone,

Exelon, Depakote.

6.  My medical opinion of her current condition is Dementia with Lewy Bodies.

7.  My assessment of the family situation with her daughter is very positive.  The

quality of care is excellent; the patient thrives in this home environment.

8.  If you have any questions about Mrs. Dunn's medical condition, you may contact

me  at (202) 784-6671.

6/26/02

Paul S. Aisen, MD
Professor of Neurology

Exhibit ___

Page 1 of 1

U.S. Department of Justice

Civil Rights Division

*Disability Rights Section-NYA*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

May 24, 2005

Ellen Dunn
1323 Webster Street, NE
Washington, DC   20017

Dear Ms. Dunn:

    The Civil Rights Division has received your correspondence 212382.

    The circumstances you describe do not appear to raise an issue that we are able to address.  Nor are we aware of any other component of the Department of Justice or other Federal agency that would have authority to handle the matter you have described.

    We regret that we are unable to assist you further.

                                    Sincerely,

                                    Barb Bracy
                                  Paralegal Specialist
                            Disability Rights Section

doc:   212382
DJ:  204-16-0
H:\lquinlan\myfiles\E2\24MAY2005.wpd
chrono:  records:

Exhibit 2



# COMMONWEALTH of VIRGINIA

*Office of the Attorney General*
*Richmond 23219*

Jerry W. Kilgore
Attorney General

900 East Main Street
Richmond, Virginia 23219
804 - 786 - 2071
804 - 371 - 8946 TDD

May 20, 2003

Ellen O. Dunn
1323 Webster Street, N.E.
Washington, D.C. 20017

Re:    Dunn, inquiry concerning Guardian for Maude O. Dunn

Dear Ms. Dunn:

I am in receipt of your letter dated April 19, 2003, concerning documents filed in the Circuit Court of the City of Virginia Beach, particularly a draft Order for the appointment of a Guardian for Maude O. Dunn. I am writing to you as a Senior Assistant to Attorney General Kilgore in the Civil Litigation Division of the Office.

The Attorney General appreciates the concern that led you to bring this matter to our attention.

Please understand that this Office functions primarily as the law firm for state government. In this capacity, it advises state officials and represents the various state agencies and departments. State law, conflict of interest rules and other policy considerations prevent the Attorney General from offering legal advice or representation to private individuals or corporations.

The matter you address is before the Circuit Court in Virginia Beach. You might consider seeking a lawyer in the private sector to help you with this inquiry.

From your letter, I gather that you are upset that the Clerk of Court, or his Assistant, has certified a document that does not contain the signature of the Judge handling the matter. You are justly concerned. This means, based upon my experience and training, that the Clerk is only certifying that this document was filed among the records of the Court, apparently by Mr. Joseph W. Hood, Jr., Esq. seeking the appointment of his client, Sonya Lee Ann Powell, as Guardian. It is of no legal effect until the execution by signature and dating of a Judge. It is the equivalent of a request, without any indication that such request has been granted. Perhaps, with a telephone call, you might now obtain from Frederick C. Jonke, III, Clerk of the Court, Virginia Beach,

Exhibit _K page 1_

757/427-4191, the "final order" of the Court (the Judge) entered in this matter. That would be of legal significance. Or perhaps no Order was entered? Then, there is no Guardian.

In closing, thank you again for writing. I hope this information will be helpful to you.

Very truly yours,

Sydney E. Rab, Esq.
Sr. Assistant Attorney General

Exhibit K