UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUDE DUNN, *et al.*,      :
                           :
    Plaintiffs,        :
                           :
  v.                       :   Civil Action No. 05-1062 (JR)
                           :
JO ANNE BARNHART, Commissioner, :
Social Security Administration, :
*et al.*,                  :
                           :
    Defendants.        :

**MEMORANDUM**

    Plaintiffs lodged with the Court on June 16, 2005 a "follow-up motion on request to appoint guardian ad litem/master."  The motion was filed two days after a hearing held in open court on plaintiffs' motion for a temporary injunction.  At the close of that hearing, I announced that plaintiffs' case would be dismissed for lack of subject matter jurisdiction.

    Plaintiffs' "follow-up motion" asserts that the hearing was conducted "without providing representation to protect Maude Dunn's legal interests in accordance with Federal Rules of Civil Procedure Rule 17(c)."[1]  This is apparently a device for plaintiff to continue her argument that she is not responsible for the guardianship of her mother, even though she was appointed

---

[1] Plaintiffs also ask how to procure a transcript of the June 14 hearing.  They should contact the reporter, Susan Harris, at the Miller Reporting Company.

guardian in 1997 (she protests that the order was not actually signed by a judge) and even though she set up guardianship accounts to receive Social Security and other retirement payments for her mother.

The question of whether Ellen Dunn was duly appointed guardian of her mother or not is a matter for the Virginia courts and not for this one.  Contrary to Ellen Dunn's assertion, Rule 17(c) does not require the appointment of a guardian ad litem in this case.  It provides, in relevant part, that "the Court shall appoint a guardian ad litem for an . . . incompetent person <u>not otherwise represented in an action</u> or shall make such other order as it deems proper for the protection of the . . . incompetent person."

Plaintiff's time to take an appeal from this Court's written order of dismissal dated June 20, 2005 may run out before plaintiff has an opportunity to appeal.  Her "follow-up motion" will accordingly be construed as a motion for reconsideration of this Court's order of dismissal and will be **denied.**

An appropriate order accompanies this memorandum.


                                JAMES ROBERTSON
                           United States District Judge